20-10659 WBY, Inc. v. City of Chamblee Okay. Mr. Wiggins. Good morning. Good morning. May it please the Court, Kerry Wiggins on behalf of Follies. Follies applied for a 2018 alcoholic beverage license in the City of Chamblee at the end of 2017. And it was issued, that license. Mr. Wiggins, out of curiosity, has the statute of limitations run against your State law claims? Well, the last date of entry would have been . . . The District Court exercised supplemental jurisdiction. Supposing the Court didn't, had the statute of limitations run on the claims? Well, I think . . . let me answer that in two parts. I think that Georgia has a statute, OCJ 926, I'm not sure, that would allow a dismissal without prejudice to be . . . It gives you a time limit? Yes, Judge. After the dismissal? That's correct. So the statute wouldn't run under Georgia law? I don't believe so. I believe there would be a right to pursue within six months of this dismissal here. So . . . That's all we have here, isn't it? State law questions. It is a State law question. The Federal issues are out of the picture. They are out of the picture. Although we did have both a substantive due process and an equal protection challenge to Ordinance 745, those claims, as you point out, are no longer in the case. Well, a substantive due process claim would be that the ordinance is arbitrary beyond the police power. That's correct. I don't see any claim in the briefs about the ordinance violating the substantive due process clause because, as it were, because it's arbitrary and without the police power. Surely it was within the police power, wasn't it? It was, Judge, and we don't take any . . . Okay. We don't. Specifically, the substantive due process challenge was to another subsection of this particular statute or ordinance, rather. And so, yes, that did fall away, and we're left with just the State law claim. We can appreciate that maybe at this posture, at this stage, seems a bit odd that we're here before three Federal judges talking about a discrete State law claim. We've got diversity jurisdiction and supplemental jurisdiction. Now, let me, again, tell you where I am with your case, at least from where I think I am. Okay. So, number one, I think you are correct that the district court completely misread the Georgia Supreme Court's decision in Gold Rush II. Because, as I read that decision, it holds that there is no vested property right in getting a renewal of a license, but you do have some sort of a vested property right in a license that you currently have. And so I think the district court just completely got Gold Rush II wrong. So I think you're in good footing so far. Okay? All right. So I think you had a vested right of some kind in your 2018 license, which would have run you through the 2018 calendar year, right? And so if I'm right about that, then that leaves your claim for damages with regards to that license, right? Yes, Judge. Okay. And your argument on that is that because of the operation of the new ordinance, which I guess was enacted in February but began sort of in June, give or take, that you were deprived of the ability to operate a certain number of hours during the remainder of the year and thereby lost revenue. That's correct. Lost profits, yes. Okay. Now, here's where you need to help me. Gold Rush says that you've got a vested property interest in the license. But the license that you got here says nothing about hours of operation. So tell me how you turn a license that is silent about hours of operation into a damages claim for curtailing your hours of operation. Yes, Judge. So, first of all, the alcohol code itself said very much explicitly what the hours of operation were. And that's important to new applicants. When they look at the ordinance, am I going to be able to operate a nightclub-type restaurant in this city? Certainly it was a going concern for my client because they were renewing every year. But, again, we're talking about a one-year property right. That sets the standard. And what we tried to emphasize below, and certainly to your honors, is an alcohol license. We said this, the raison d'etre of an alcohol license is to allow you to sell alcohol. We are not saying, for example, that Follies had a right or static right to pay the same amount of taxes. Or, for example, limit administrative inspections or make static the way that the city would do ID checks in bars or something like that or how bars would have to do ID checks. We're saying that an ordinance that comes in and stops the ability to sell alcohol is an infringement on a vested right. But it didn't stop you from selling alcohol. It limited your ability to sell alcohol. Respectfully, we may say that's semantics because it stopped them from selling alcohol. It stopped them from selling during certain hours. That's correct. But it didn't stop them from selling alcohol. Okay, that is correct. It shortened the amount of hours in which you could sell alcohol. But it didn't completely withdraw the ability to sell alcohol, right? In the parlance of the Georgia Constitution, it restricted. I think that's fair, yes. It restricted or diminished the ability to sell alcohol. And I think that, Judge, just to be clear, the hours of operation, we view that very much as sort of a different animal than any other types of restrictions that an alcohol code may set out, like the list I just provided. Because, again, let's say if you were talking about a suspension of an alcohol license. Maybe the restaurant sells to an underage person. The city comes in and suspends the alcohol license for two days or 48 hours. There's no question that the alcohol license, again, is a vested right. Due process needs to be afforded before you can carry out that suspension. The local government could carry it out for the 48 hours of lost sales. Now, they didn't take away, they didn't revoke. In my hypothetical, they suspended. But that's 48 hours of loss. My clients had 190 some odd hours of loss. Let me just make sure I understand your argument. So when we're looking at what the scope of the vested right is under the license, you're saying we look to current law. But not all current law, just law regarding when you can sell alcohol? Well, I think as far as qualifying for a license under Jackson v. 3 ACES and other cases like Recycle and Recover, you look at the law in place at the time you file the application. Now, there's some question whether a hearing after the application may be the controlling stage. But the point is, is once you obtain the license under that code, that is defining more or less your right. What I am telling the court is the hours of operation, to change the hours of operation, restricts or diminishes the vested right in a way that I would not stand before you and argue that, for example, a change in how the county carries out administrative inspections would. Well, what about a change in people who can drink alcohol? People who can, like, for example. Again, I don't know what, since I don't live here, I don't know what the Georgia law is with regards to alcohol consumption. And I'd be way over it anyways. But let's say that Georgia law at the time that your client gets the 2018 license, right, says anyone who is 18 and older can drink and buy alcohol. And let's say the Georgia Constitution allows for local self-governance for cities and counties, and they can raise the level if they want. And the city of Chambly says, you know what, in February of 2018, we're going to change that to 21. Your license is left exactly the same way, except now you've got less patrons coming in because the 18, 19, and 20-year-olds aren't coming in anymore. Does that violate your vested right? I, you know, Judge, it's much closer to getting on a restriction or infringement on the vested right than my other examples. But I don't think – I don't know the answer to that question, quite honestly. No, it's hard. But, again, the hours are talking about can you sell alcohol or can you not sell alcohol. Same thing with my hypothetical. To whom can you sell alcohol and to whom can you not sell alcohol? It's a restriction, and it leads to a loss of revenue. Which is why I'm saying it's drifting closer to some core infringement or retroactive legislation infringement. But it's an easier question, we feel, much easier question because, again, hours – I know you rephrased it, Judge Jordan, as a limitation, but the inverse is true too. It's the right to sell or not to sell. So I just – a couple of points. I can see I'm running out of time. Interesting, the Gold Rush – and I agree that the lower court misread Gold Rush. And what Marietta did, they adopted – I think it was in January of 1995 is when they adopted their – we call it a liquor nudity separation type ordinance. But they were very clear in the amended ordinance. They said that the current licenses are going to be good through December 31 of 1995. So for all the – Yeah, the city of Chamblee could have avoided all of this by saying that the new provisions would take place on January 1 of 19. That's exactly right. But that didn't happen. That did not happen. But Marietta, for whatever – Justice Marshall used to ask lawyers at the Supreme Court all the time, having nothing to do with the legal aspects of a case. He would ask the parties, like, why in God's name did you do this? Like, why are we here? And the lawyers would squirm and try to figure out an answer to that unanswerable question. We asked. We begged. We pleaded. But that's the way it went. I see I'm out of time. So I was reserved with time for rebuttal. Thank you, Judge. Okay. Thank you, Mr. Wiggins. We'll give you your time for rebuttal. Mr. Berkholdt. Good morning, Your Honors. May it please the Court. Morning. Scott Berkholdt on behalf of the Appellee. We ask this Court to affirm the judgment below for the reasons that the District Court stated. Unfortunately, I would have to disagree with you, Judge Jordan, on the issue of the District Court's reading of Gold Rush II. All right. Let's go through that. What did the District Court say was the rule of law from Gold Rush II? He said relying on – well, he does two things. He explains that you can't get a vested law or a vested right in the license itself. And that's the exact same thing that Gold Rush II says. If you look at page one of the reply brief of the appellants here, they say, what is the scope of the vested right? I'm not worried about the reply brief. I want to know what the District Court said about Gold Rush. The District Court said that the mere acquisition of a business license does not create a vested right. And that is completely contrary to Gold Rush II. Your Honor, here's the language from Gold Rush II. Let's find the right language. Since Marietta City Code set forth the criteria which, if met, resulted in the issuance of a license and specified that a liquor license issued by the city can be suspended or revoked only upon a showing of cause, the City Code created a protectable property interest in the license itself. That's from page 359 of Gold Rush II. And here, and what Gold Rush then said was, you have no vested property interest in the renewal of that license. That's correct. So here, your licensing scheme had a good cause requirement for revocation of the license just like the one in Gold Rush. That's correct. Now, this doesn't answer the question of what, if any, violation there is, but it does answer the question of whether or not there's a vested property right. That's correct. And the district court said there was no vested property right. That's just flat out wrong under Gold Rush, is it not? Your Honor, the district court said there was no vested property right to these hours. That's not what the district court said. Tell me the language you're pointing to. I'm pointing to pages 11 and 12 of the district court brief. And you have to read both pages or the district court order. This is Record Entry 114 at page 11. Page what, 11? Hold on. Yes. Okay, go ahead. You know what, Your Honor? I think it's page 10. I'm sorry. It's the block quote that says, Looking at Board of Regents v. Roth, the Georgia Supreme Court in Gold Rush II said that to have a protected property interest, you have to have a legitimate claim of entitlement. And the court held that while parties can obtain vested rights by virtue of zoning laws, they cannot obtain a vested property right in an alcohol license. But we have to read on the rest of the decision. Where are you reading from? I'm reading from the middle of page 10 of Record Entry 114, the summary judgment. Oh, page 10. I thought it were 11. Okay. And I misspoke. I apologize. So the court concluded that the city code makes it clear that Marietta licenses before us do not have a vested right in the law never changing and are not exempt from the exercise of the city's police power. But here's the point. The obtaining of the business license. Right. That's for the law never changing for the renewal. That's right. But this case is not controlled by Gold Rush specifically. It's controlled by Quiggles, which is the case discussed on the very next page. And this is the language from Quiggles. The block quote on the next page says, Relying on Gold Rush II, the Georgia Supreme Court in Quiggles rejected a licensed adult business' argument that it possessed a vested right to continue this activity, which was one-on-one nude modeling, despite the new regulation because such activity was permitted when it was issued its business license. The court held, quote, and you see the bracket for the capital T in the word the. That quote actually starts in the opinion of Quiggles. We said in Gold Rush II that the procurement of a business license does not by itself give the license holder vested rights. Right. It's the obtaining of a license under criteria with a cause requirement for its revocation or restriction, which is what you have here. That is right. That's exactly right. But this isn't a revocation. This is a piece of legislation that was adopted. There was no individualized suspension or revocation of the license. What they're saying is it's not just obtaining the license, but it's the code that exists. Looking at that, what was the vested right? Tell me then what Gold Rush II stands for. It stands for that the vested right that was obtained by the businesses in that case was that they could not have their current year license revoked unless the conditions of revocation had been met. That was the vested right. You have a vested right because how is a vested right created? It's created by a state law, policy, regulation, or a mutual understanding that the governmental body puts forth. But your argument is that the law could change in any way, shape, or form, and that would be fine. That wouldn't violate the vested right. Your Honor— Is that right? What if the law said you can only sell alcohol for four hours a day and change is right in the middle of their license? That's okay? Your Honor, I think that it's like a takings claim, like a regulatory takings claim. At some point, you get to the point where you totally eliminate the thing that you can do. You can say you can do one minute a day. And in some theory, at the outer edges, you might have that. But under the clear case law in the Georgia Supreme Court for creating the state property interest, right, because property interests don't spring from the U.S. Constitution. They spring from state law or governmental understanding put forth by the body. They addressed that in Quiggles, and they addressed it more specifically for an existing licensee that then was told that a new ordinance was passed that banned one-on-one nude modeling. And here's what they said on page—and the district court was spot on by quoting this. He says, Plaintiffs also have no vested right to offer one-on-one modeling despite expenditures toward that end because none of plaintiff's licenses specifically permit one-on-one nude or semi-nude modeling or any other conduct prohibited by the ordinance. That's the exact same thing we have here. Right, but that's because the license on its face in Quiggles didn't tell the entity what it could and couldn't do. That's right, and neither does this. There's no hours. It said that you could sell alcohol. And so it seems to me that the better argument—again, I speak only for myself and I could be completely wrong—that the better argument is that there's no violation of a vested property interest but not that there's no vested interest at all because it's very hard to square that proposition with Gold Rush II. My point is there's no vested right in the hours because, as you noted at the outset of my opponent's argument, the hours are never mentioned on the license itself. And when he points to the ordinance, that's a prohibition. That is, alcohol shall not be sold on these premises except between these hours. It's not an affirmative right forever. And when they got the license, on the face of the license, what is there, Judge Jordan, is the language that says this is subject to any future ordinances. Judge Pryor, I think the latter half of this quote on page 11 from the district court opinion goes to how far could you go to where you were violating—basically eliminating the right. And this is what the court said. While plaintiffs may suffer economic injury in complying with the ordinance, they are still free to do business in accordance with the licenses they have been granted. The ordinance does not eliminate plaintiffs' proposed businesses. It regulates their businesses by imposing a manner restriction on how plaintiffs can operate under their adult entertainment licenses. And then they point to another Georgia Supreme Court case called SJT, Incorporated v. Richmond County, where they say, yeah, you got this alcohol license and you were doing new dancing. But then the city passed an ordinance prohibiting new dancing in bars and doesn't destroy your alcohol license. You can still do that. The theory of plaintiffs is if something is not prohibited when I start, then I have a vested right to do that ad infinitum, even if my license doesn't specifically give me that right. And these cases from the Georgia Supreme Court, specifically Quagle's and the SJT v. Richmond County, completely obliterate that fundamental proposition. But Quagle's was a little different because there the ordinance didn't make any reference whatsoever to new dancing. But here—I mean, yeah, but here the ordinance specifies the hours when you can sell alcohol. That's true, Your Honor, but it says that this is subject to different—to any future ordinances. So by the time the Follies came into town, when they came into town, the closure was two. They were used to four. So in August of 2014, after they'd already been licensed, they expanded it to three. They tried to go a compromise. And then we find in the November 17, 2000 report that's in the record that they had a disproportionate increase in assaults, fights, thefts, arrests during the 2 a.m. to 3 a.m. and 3 to 4 a.m. hours. They had all these problems. So they went back. That's the quintessential function of a local government is to adjust to local problems. If we accepted plaintiff's theory about how a vested right was created, in other words, a vested right would be created from silence, then what we have is a cosmetology license can't—a licensee can't be imposed in the middle of the year to wear a mask because that would violate the vested right. I got a cosmetology license to cut hair in January. But in March of 2020, the government imposed a mask mandate if I was going to be involved. That's probably not a very good analogy because the person is not prevented from doing the job that the license allows the person to do. In this case, they're not allowed to sell alcohol during certain hours. That's right. And that's a difference in degree and in kind. Well, I don't think it's a difference in kind, Your Honor, because they weren't specifically authorized. There's nothing on the license that says you can sell until 3 a.m. So in your argument, there's no violation, but it just seems to me that if you had completely taken away the power of WBY and other similarly situated entities to sell alcohol with the new 2018 ordinance, would they have a vested rights claim? Yes, because under the Georgia case law, that would be a complete elimination. Right. So there is a vested right of kind in the license. Your argument is that the sort of limitation and restriction placed here is well within what's permitted by Georgia law and doesn't violate their rights. But that's correct. It doesn't negate the existence of some kind of a vested right in the license. Well, a lot of this, Your Honor, is the nomenclature, right? What is the vested right? I said at the outset that Gold Rush II, I agree with you on the fact that they recognize the vested right, and they recognize the vested right that could not be revoked except for the causes that were laid out in the code at the time they obtained their license. And here, there is a vested right. You can't. It's the same way in Chamblee. You can't have your license revoked in the middle of the year. But none of that prescribes the police power by legislative action at any point in the year. Otherwise, every licensed business, you could have a C store, a convenience store, that was licensed to be open 24 hours. But the police are going out there every night, and there are stick-ups and armed robberies, and they decide, hey, convenience stores are going to have to be closed at 2 a.m. Well, they would say we had a vested right because, you know, back when we got our license, you can't respond to that governmental interest because when we got our license, we were operating 24 hours. But unless the license itself tells you you can operate 24 hours, this would up – Plains theory would totally upend local government law. We would not be able to – all the licensed businesses out there, you wouldn't be able to pass any regulations after January 1. And that's why it's a theory. In fact, Goldrush said generally police power laws for public protection can be modified without any concern about the retrospective implications of rights. But you have to have more than a unilateral desire or expectation for it. You have to have a legitimate claim of entitlement, and that must come from state law, state regulation, policy, or a mutually explicit understanding that a governmental body sets forth. So when the district court cites Quigles and he cites SJT, and then he says on page 12 of the opinion, it's dubious that Follies could even have had a unilateral expectation that Chamblee's laws would never change since Chamblee's alcohol code and Follies' alcohol license both stated on their faces that the license was subject to any future ordinances that may be enacted. And plaintiff wants to argue at the extreme margins, but that's not what this case is. This is simply rolling back the hours to the hour scheme that existed when Follies came into the city. They tried to experiment with giving more hours. It was a disaster, and so they came back. So, Judge Jordan, you and I could disagree about the verbiage about what the district court said about vested rights under Goldrush. I think the better reading is in Quiggles they said, we said in Goldrush, super at page 698, that the procurement of a business license does not by itself give the license holder vested rights. And see, this was the basis for a due process claim. I know that on appeal, this whole thing has gotten confused because he's only raising this vested rights claim. But when he talks about hours, Your Honor, it's count three of the complaint, and that is a count under the due process clause of the 14th Amendment and also under the corollary provisions of the Georgia Constitution. They're not even cited. And then they talk about in sub A, paragraph 54A of the complaint talks about these hours. Then if you look at the plaintiff's motion for partial summary judgment, the closing paragraph, it says, wherefore, we're requesting partial summary judgment on count three, paragraph 54A. That was an intertwined claim, and here's why I think the situation has gotten confused. Instead of raising this as a due process, because due process first talks about whether there's a protected property interest, which is what we've been talking about for the last 14 minutes. But the second claim is, is the process by which whatever alleged deprivation of the property interest has occurred, did that follow proper procedures? Well, here it's legislation. And I'm sure my learned counsel on the other side knows that as long as you follow the proper procedures for public notice and hearing, you can modify things through the police power through legislation. You're not entitled to any individualized notice. That's the bimetallic case from the U.S. Supreme Court in 1915. And so to avoid getting into that second step of a procedural due process deprivation claim, he recast this on appeal as basically solely as a vested rights claim. But he brought his partial summary judgment motion under count three, paragraph 54A. And so all this is is a run-of-the-mill procedural due process claim where the claimed property interest has to arise from state law. And here the state law, meaning the city's alcohol code, specifically does not permit or authorize you to do certain hours and expressly says you're subject to future regulations. And that's all this was, was a typical future regulation that was adopted, Your Honor. And for those reasons, we ask that this court affirm the summary judgment for the well-reasoned opinion of the district court, especially on the second question, that there was no deprivation, Your Honor. All right. Thank you very much. Mr. Wiggins. Okay. Okay. Let me, let me begin where my learned counsel left off. This is not a procedural due process claim. The Court is familiar with the criteria for procedural due process. This is a Georgia vested rights impairment, retroactive impairment of a vested right claim. And Judge Jordan, the question you've asked about the 18 to 21-year-olds, I probably would use Craig versus Boren from 1976 and pursue an equal protection challenge rather than try to make a vested rights argument on that. The Court, the panel has hit quick list on the head. That was a business license on its face, very generic. The business had been offering one-on-one modeling and complained when the adult entertainment license ordinance got rid of that format. I heard the city say, well, it's kind of a sliding scale or something to that effect. And so I was talking about the taking. We've all learned about the bundle of sticks and you take away the sticks and at some point you have a regulatory taking. The one feature about Georgia's Constitution, you know, Article 1, Section 1, Paragraph 10, is when it comes to a vested right, you cannot retroactively restrict or impair it. In any way whatsoever. That's what the law is. Tell me the best case that stands for that proposition from the Georgia Supreme Court. Well, I think obviously Gold Rush, but Recycle and Recover is a case I think discussed in both briefs. So you can't change a thing. If it's a vested right, you cannot, if it's vested, then you cannot impair or injuriously affect or divest the holder of that vested right. So it has to remain exactly the same for the duration of the vested right? For the vested right, that's right. Unless you start to get into just compensation, which is not part of this case. So if they made you close 15 minutes earlier, that would be a violation. You might not be able to get much damages out of it, but that would be a violation. We say that the infringement on the right to sell alcohol is infringement on the vested right. And I understand where the city is coming from when they talk about, well, I think they said, well, this Gold Rush just stands for the proposition that the license can't be revoked without due cause, as if it were only administrative executive action that cannot be taken against the vested right. That is not, the Constitution says, it says no legislative impairment. I mean, we're talking about a legislative act which does the impairing or injuriously affecting. Right, but you've got, and again, I think you've got the better argument on the vested rights thing. But Mr. Berkhold is right that the Korgels case that comes afterwards suggests that not every restriction that's added after the attainment of a license is a violation. Well, I don't disagree. How do you read that case? Yeah, no, I read the case. Actually, my old law partner handled that case. I read that case as being they had a format of offering the one-on-one nude modeling, but the business license was silent about any right to offer one-on-one nude modeling. And this license is silent on your hours of operation? It's explicit that we have the right to sell alcohol. That's it. And the code sets out the parameters for- But you don't have a vested right in the code, right? The code changes and can change as long as the city goes through its appropriate procedures to change it. Well, that's why Judge- Nobody has a vested interest in the law not changing. True. But I think that the one thing about the hours, again, as Judge Pryor alluded to, if they were to say you can only operate for one hour a week, I don't think it would be questioning that that's an infringement. But what I'm telling you is it's not a sliding scale. It's not a bundle of sticks analysis the way you do in a takings claim. Under the Georgia Constitution, a retroactive law that restricts the vested right is unconstitutional. Thank you, Judge. Thank you. Thank you very much, Mr. Wiggins. Thank you all very much. We're in recess until tomorrow.